UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROGER D. SANDERS,<br>*PLAINTIFF*<br><br>V.<br><br>CAJUN IRON WORKERS, INC.,<br>OFFSHORE SERVICE VESSELS, LLC,<br>FAMILY MEDICAL SERVICES LLC, AND<br>DARREN DUET<br>*DEFENDANTS* | CIVIL ACTION NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

NOW COMES, Roger Sanders, who files this complaint pursuant to the Rehabilitation Act ("RA"), Americans with Disabilities Act ("ADA"), Louisiana Disability Discrimination Act ("LDDA"), Family Medical Leave Act ("FMLA") and other Louisiana laws, and seeking declaratory judgment, injunctive relief and an award of damages. In furtherance thereof, Plaintiff respectfully avers as follows:

## PARTIES

1. Roger D. Sanders is an adult citizen of the United States and a resident and domiciliary of Washington Parish, State of Louisiana.

2. Cajun Iron Workers, Inc. ("Cajun Iron Workers") is a domestic corporation organized under the laws of Louisiana, with its principal place of business located Lafourche Parish.

3. Cajun Iron Workers employed Sanders from January 2014 until his termination in April 2015.

4. Cajun Iron Workers is a recipient of federal funds and financial assistance through its contract work with vessels.

1

5. Offshore Service Vessels, L.L.C. ("OSV") is a domestic limited liability company organized under the laws of Louisiana with its principal place of business in Lafourche Parish.

6. Family Medical Services, LLC ("FMC") is a domestic limited liability company organized under the laws of Louisiana, with its principal place of business in Lafourche Parish.

7. FMC provides company doctor services to CIW, including but not limited to, evaluating employees who are on FMLA leave.

8. Darren Duet is an adult male citizen of the United States who is a resident of Lafourche Parish.

9. At all relevant times, Duet was the medical director at FMC and performed return to work evaluations for CIW employees who had taken FMLA leave.

10. CIW, OSV, and FMC all function as one single entity, and they are owned, managed and controlled by the same individuals.

11. CIW is a closely held company managed by Dino Chouest.

12. OSV is a closely held company managed by Dionne Chouest Austin and Dino Chouest.

13. FMC is a closely held company owned and managed by Dino Chouest, Damon Chouest, and Dionne Chouest Austin.

## JURISDISDICTION AND VENUE

14. The Court has jurisdiction over the matter pursuant to 19 U.S.C. §§ 794 *et seq.*, 29 U.S.C. § 1331, 29 U.S.C. § 2617, and 42 U.S.C. and § 12117(a).

15. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367; the facts giving rise to state law claims form part of the same case or controversy as the facts giving rise to the federal question claims.

16. This Court has personal jurisdiction over OSV because it conducts business and employs individuals in the judicial district.

17. This Court has personal jurisdiction over Cajun Iron Workers because it conducts business and employs individuals in the judicial district.

18. This Court has personal jurisdiction over FMC because it conducts business and employs individuals in the judicial district.

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b); all or a substantial part of the events giving rise to the claims occurred within this judicial district, including but not limited to the unlawful employment and compensation practices described herein.

## STATEMENT OF FACTS

20. In January 2014, Roger Sanders began working for Cajun Ironworkers/Chouest as a lift operator at the Martin Terminal, North Yard (Martin Terminal).

21. Sanders worked in the Martin Terminal until he was illegally terminated in April 2015.

22. Sanders' total compensation with employee benefits and overtime pay was approximately $100,000 annually at the time of his termination.

23. Prior to his termination, Sanders performed all of his duties well and to the satisfaction of his supervisor and employer.

24. During his employment with Cajun Iron Workers, Sanders received regular raises and promotions, his work performance evaluations were consistently good, and he was never disciplined.

25. While employed at Cajun Iron Workers, Sanders worked 12 hour shifts on a schedule in which he worked 7 days on and then had 7 days off.

26. On or about December 2014, Sanders started feeling tired at work.

27. Sanders saw his primary care physician, who ordered blood work that revealed that Sanders had a circulatory blockage.

28. Sanders finished his scheduled rotation on or around December 10, 2014.

29. He underwent bypass surgery on or about December 20, 2014.

30. If left untreated or improperly treated a circulatory blockage would seriously affect and compromise almost every aspect of an individual's life, including without limitation, substantially limiting major life activities such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working.

31. Shortly after the diagnosis, Sanders requested leave under the Family and Medical Leave Act from Cajun Ironworkers for treatment in connection with his diagnosed condition. FMLA leave was granted, and Sanders took, beginning approximately January 30, 2015, the full twelve weeks of FMLA leave to which he was entitled. The FMLA leave was to end April 10, 2015.

32. On March 13, 2013 Brett Borne, Human Resources Manager for Cajun Iron Workers, refused to accept Sanders' return to work although he had been released to full duty after cardiac rehab, without restrictions, by his medical provider at the Louisiana Heart Hospital, Dr. Hebert, on or about April 2, 2014, a week prior to the expiration of his protected leave on April 10, 2014.

33. Brent Barns, as HR Director for Cajun Ironworkers and at the behest of Duet, failed and refused to return Sanders to his job as required by the FMLA. Instead, Barns and Duet insisted that Sanders take additional, unpaid and unprotected medical leave. During that time Barnes and Duet demanded that Sanders provide him with all of his medical records. Sanders complied. Barns and Duet then demanded a surgery summary. Sanders again

complied. Barnes and Duet then demanded a medication list. Sanders again complied. Barnes and Duet then demanded that a stress test and an electrocardiogram be performed. Again, Sanders complied. At that point Barnes noted that several medications which Sanders was taking were what he called "safety sensitive." Sanders pointed out that he had taken the same prescribed medications ever since he began working at Cajun Ironworkers. Sanders nonetheless had his doctor change the medication and send proof to Barns.

34. Sanders short term disability coverage had lapsed when Sanders' doctor released him to work; Sanders pointed out this fact to Barns.

35. On April 8, 2015, Dr. Mejia faxed a release to work form to Duet.

36. Finally, on April 28, 2015 Cajun Ironworkers terminated Sanders for the stated reason that he was "Not Physically Able to Work".

37. This stated reason is false and pretextual.

38. Duet, acting on his own behalf and additionally or alternatively conspiring with and on behalf of FMC, and/or Cajun Ironworkers and/or Chouest decided to terminate Sanders because he had taken FMLA leave and was likely to need and take more.

39. Additionally or alternatively, Cajun Ironworkers and Chouest terminated Sanders because it or they regarded him as disabled when in fact he was able to perform all the tasks of his job.

## DAMAGES

40. As a direct and proximate consequence of defendants' unlawful and discriminatory employment policies and practices, plaintiff has suffered a loss of income, including, but not limited to, past and future wages, benefits, expenses, liquidated damages, pain and suffering, compensatory damages and punitive damages, all to be specified at trial.

## STATEMENT OF CLAIMS

### A. FMLA

41. Plaintiff alleges that defendant Cajun Ironworkers and/or Chouest, in part through its lack of oversight and training of its employees, and in part because of its desire to maximize profits, and also that it or their employee for whom it or they are legally responsible, Darren Duet, personally and additionally or alternatively on behalf of FMS and/or Cajun Ironworkers and/or Chouest, unlawfully interfered with, retaliated and discriminated against Plaintiff with respect to his federally protected right to take Family and Medical leave, in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq. justifying an award, inter alia, of back pay, interest, special damages and any and all other damages that he is entitled to under law.

### B. ADA, Rehabilitation Act and LDDA

42. Cajun Iron Workers employed Sanders.

43. Cajun Iron Workers, OSV, and FMC operated as a single entity and were controlled by the same individuals.

44. Cajun Iron Workers, OSV, and FMC received federal funds in the course of their business operations.

45. Sanders had a record of a chronic heart condition that rendered him disabled as defined by the Rehabilitation Act.

46. Sanders' heart condition, in its untreated condition, substantially limits one or more of his major life activities including exercising, climbing, and working.

47. All Defendants knew that Sanders had that Sanders had a disability.

48. Cajun Iron Workers failed to engage in any discussion regarding a reasonable accommodation.

49. Even with his disability, Sanders could perform the essential functions of his job.

50. Defendants knew of Sanders' heart condition and regarded him as disabled.

51. For example, Duet stated that Sanders was not fit to return to work even though Sanders had been cleared by his personal doctor.

52. Similarly, Cajun Iron Workers refused to allow Sanders to return to work because they believed his disability prevented him from returning to work.

53. Shortly after learning that Sanders' heart condition is a chronic condition, Cajun Iron Workers terminated Sanders' employment.

54. Brett Borne wrote a letter to Sanders stating that the reason Cajun Iron Workers terminated Sanders was because they believed Sanders would be restricted from any safety duties and he could not perform his full duty work.

55. The actions of Cajun Iron Workers, OSV and FMC are violations of Sanders' rights under Americans with Disabilities Act and the Rehabilitation Act of 1973.

56. Cajun Iron Workers, OSV, and FMC acted in reckless disregard of Sanders' federally protected rights, justifying an award of back pay, front pay, interest, benefits, special damages, compensatory, punitive damages costs and fees.

57. Cajun Iron Workers, OSV and FMC, acting in concert, unlawfully and discriminatorily terminated plaintiff's employment on account of his perceived disability or disabilities.

58. The actions of Cajun Iron Workers, OSV and FMC violate the provisions of Louisiana Revised Statute 23:322 *et seq.* justifying an award, inter alia, of back pay, interest, special damages and any and all other damages that he is entitled to under law.

### C. Section 1985

59. All defendants engaged in a conspiracy against Sanders to deprive him of his federally protected rights.

60. Cajun Iron Workers, OSV and FMC are all controlled by the same individuals, and they all worked in concert to achieve their goals regardless of compliance with the law.

61. Cajun Iron Workers refused to accept the return to work clearance from Sanders' doctor, and required he be reviewed by a doctor and medical facility that it controlled.

62. At the direction of his company's managers, Duet falsely reported that Sanders could not return to work even though he had been cleared by his own physician.

63. Cajun Iron Workers used this report, which they knew to false, to wrongfully terminate Sanders' employment on pretense.

### PRAYER FOR RELIEF

64. WHEREFORE, plaintiff respectfully prays that this Court:

65. Enter a judgment declaring:

    a. that all defendants engaged in a conspiracy against Plaintiff that is unlawful under 42 U.S.C. § 1985; and

    b. All defendants violated Plaintiff's rights under the FMLA, ADA, LDDA and/or the Rehabilitation Act.

66. Order Cajun Iron Workers to reinstate Plaintiff at the position he previously held with all necessary reasonably accommodations at a salary Plaintiff would have attained by the date of reinstatement.

67. Issue a mandatory injunction directing the defendant Cajun Ironworkers and/or Chouest to reinstate all of the plaintiff's employment benefits, including, but not limited to, his health insurance, retroactive to January 23, 2013;

68. Enter a judgment against all defendants in solido and in favor of plaintiff for allowable general, special and liquidated damages and reasonable attorneys' fees and costs incurred by plaintiff in connection with the instant action and interest from date of judicial demand calculated according to the laws of Louisiana; and

69. Award plaintiff such further and additional relief as the Court may deem just and proper.

## DEMAND FOR A TRIAL BY JURY

70. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

WHEREFORE, Plaintiff prays that this Complaint, be cited and served on Defendant and that Defendant be required to answer same, that after due proceeding had, judgment be rendered for Plaintiff and against Defendant in an amount to be determined as just under the circumstances, for all equitable relief deemed just and proper by this Court, and for legal interest from the date of judicial demand.

Respectfully submitted,

LAW OFFICE OF DALE E. WILLIAMS
*/s/Dale E. Williams*
Dale E. Williams, Bar #18709
Chad A. Danenhower, Bar # 32845
212 Park Place
Covington, Louisiana 70433
Telephone: (985) 898-6368
Facsimile: (985) 892-2640

*Attorneys for Roger Sanders*

UNITED SATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROGER D. SANDERS,<br>*PLAINTIFF* | CIVIL ACTION NO. |
| V. | |
| | JUDGE |
| OFFSHORE SERVICE VESSELS, LLC,<br>CAJUN IRON WORKERS, INC.,<br>FAMILY MEDICAL SERVICES LLC, AND<br>DARREN DUET<br>*DEFENDANTS* | MAGISTRATE JUDGE |
| | JURY TRIAL DEMANDED |

## **VERIFICATION**

Pursuant to the provisions of 28 U.S.C. § 1746, I verify under penalty of perjury that I have read the foregoing Complaint, and it is true and correct to my personal knowledge and belief.

Covington, Louisiana, this October 22, 2015.

*[signature]*
ROGER D. SANDERS