UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROGER D. SANDERS** ) | CIVIL ACTION |
| ) | |
| ) | NUMBER:  15-5423 |
| **VERSUS** ) | |
| ) | SECTION  "G" JUDGE |
| ) |    NANNETTE JOLIVETTE BROWN |
| **CAJUN IRON WORKERS, INC.,** ) | |
| **OFFSHORE SERVICE VESSELS, INC.,** ) | DIVISION (1) MAGISTRATE JUDGE |
| **FAMILY MEDICAL SERVICES, LLC,** ) |    SALLY SHUSHAN |
| **and DARREN DUET** ) | |

**<u>MEMORANDUM IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS</u>**

**MAY IT PLEASE THE COURT:**

     This memorandum is submitted by Defendants, Cajun Iron Workers, Inc. ("Cajun Iron"), Offshore Service Vessels, Inc. ("Offshore Service"), Family Medical Services, Inc. ("Family Medical"), and Darren Duet ("Dr. Duet") (collectively "Defendants"), in support of their Partial Motion to Dismiss the claims asserted against them by Plaintiff, Roger D. Sanders ("Plaintiff" or "Sanders"), in Plaintiff's Complaint.  (Rec. Doc. 1).

**I.    FACTUAL BACKGROUND**

     Plaintiff filed suit against the various corporate entities named above and against an individual, Dr. Darren Duet, alleging violations of the Americans with Disabilities Act (the "ADA"); the Louisiana Disability Discrimination Act (the "LDDA");[1] the Family and Medical Leave Act (the "FMLA"); and that Defendants engaged in conspiratorial conduct in violation of his civil rights under 42 U.S.C. §1985.

---

[1] Louisiana's provisions regarding disability discrimination, La. Rev. Stat. § 23:322 *et. seq.*, are contained within Part III of the Louisiana Employment Discrimination Law (LEDL) – La. Rev. Stat. § 23:301 *et. seq*.

## II. STANDARD OF LAW

Defendants move this Court to dismiss the claims asserted against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As the Supreme Court has held, a court should not maintain a complaint that fails to set forth a plausible basis concerning all material elements necessary to sustain recovery under some viable legal theory. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level. The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and quotations omitted).

To defeat a 12(b)(6) motion to dismiss, a complaint must "contain either direct allegations on every material point necessary to sustain a recovery" "or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citations omitted). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Id*. The issue before the Court is whether the substantive nature of the allegations in Plaintiff's Complaint are such that Plaintiff "is entitled to offer evidence to support [her] claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). Therefore, a plaintiff must "plead specific facts not mere conclusory allegations" to avoid dismissal for failure to state a claim. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

In the instant case, even accepting Plaintiff's allegations as true for the purposes of this motion, Plaintiff has not and cannot state a claim upon which relief can be granted under the ADA, the FMLA, or the LDDA for claims against Offshore Services Vessels or Family Medical

2

Services because none of these entities are his "employer" as a matter of law.  Plaintiff's ADA and LDDA claims against Dr. Duet are also not cognizable for the same reasons.  In addition, Plaintiff cannot state a claim for conspiracy against any of the named Defendants because his allegations do not form the basis for a cognizable claim under 42 U.S.C. §1985(3).  Plaintiff's prayer for punitive damages is inconsistent with the Rehabilitation Act, the FMLA, and state law claims and should be dismissed with respect to these statutes.  Finally, Plaintiff's prayer for relief under the Rehabilitation Act is subsumed by his prayer for relief under the ADA and should be dismissed.

### III.   LEGAL ANALYSIS

#### A.   ADA and FMLA Claims Against Offshore Service Vessels and Family Medical Services Should Be Dismissed Because Neither of These Entities Employed Plaintiff

Plaintiff filed suit against Offshore Service and Family Medical under the ADA and the FMLA.  As a matter of law, these claims must be dismissed because none of these entities was Plaintiff's "employer" for purposes of asserting a claim under the relevant statutes.

Determining whether a defendant is an "employer" under Title VII involves a two-step process.  The ADA definition of "employer" mirrors the Title VII definition.  *See Franklin v. City of Slidell*, 936 F. Supp. 2d 691, 703 (E.D. La. 2013).  First, the court must determine whether the defendant falls within the statutory definition of an "employer."  Title VII defines an "employer" as a "person engaged in an industry affecting commerce who has fifteen or more employees and any agent of such person…"  If the defendant meets this definition, the court must then analyze whether an employment relationship exists between the plaintiff and the defendant.  To determine whether an employment relationship exists within the meaning of Title VII, the controlling test is a hybrid economic realities/common law control test.  The most important component of the test is the right to control the employee's conduct.  In examining the

3

control component, the court focuses on whether the alleged employer has the right to hire, fire, supervise, and set the work schedule of the employee. In analyzing the economic realities test, the court focuses on whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment. *See Muhammad v. Dallas County Community Supervision & Corr. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007); *Stewart v. BrownGreer PLC*, 14-1980, 2015 WL 6159127, at *2 (E.D. La. Oct. 20, 2015).

Here, Plaintiff has not made any allegation that Offshore Service or Family Medical was his employer. In fact, he consistently referred solely to Cajun Iron as his "employer" throughout his Complaint. *See* Rec. Doc. 1 (p. 1, ¶3 – "Cajun Iron Workers employed Sanders"; p. 3, ¶ 24 – "During his employment with Cajun Iron Workers"; p. 3, ¶ 25 – "While employed at Cajun Iron Workers"; p. 5, ¶36 – "Cajun Iron Workers terminated Sanders"). Furthermore, Plaintiff did not assert that either entity has the right to control his activities or that either entity remits compensation on his behalf. In addition, Plaintiff did not make any allegation that Offshore Service or Family Medical employs fifteen or more employees in order to be subject to liability under the ADA. In sum, neither Offshore Service nor Family Medical is Plaintiff's "employer" for purposes of the ADA, and thus the ADA claims against both entities should be dismissed.

Under the FMLA, the definition of an "employer" is any person engaged in commerce in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. *See* 29 C.F.R. 825.104(a). Normally, the legal entity which employs the employee is the employer under the FMLA. Applying this principle, a corporation is a single employer rather than its separate establishments or divisions. *See* 29 C.F.R. 825.104(c).

Based on the definition of "employer" provided for under the FMLA, neither Offshore Service nor Family Medical is Plaintiff's "employer" as a matter of law. As set forth above,

Plaintiff makes no allegation that either entity was his employer; he only asserts that Cajun Iron was his employer. As the FMLA regulations make clear, only a single corporation should be deemed the "employer" for FMLA purposes, not any separate establishments or divisions like Offshore Service or Family Medical. Finally, Plaintiff makes no allegation that either Offshore Service or Family Medical employs the requisite 50 or more employees to be subject to liability under the FMLA. As such, the FMLA claims against Offshore Service and Family Medical should be dismissed.

### B. State Law Discrimination Claims Against Offshore Service Vessels and Family Medical Services Should Be Dismissed Because Neither of These Entities Employed Plaintiff

Plaintiff asserted a claim for discrimination against Offshore Services Vessels and Family Medical Services under the LDDA, codified at La. Rev. Stat. § 23:301 *et. seq*. The statute expressly defines an "employer" as:

> [A] person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee, *and in return giving compensation of any kind to an employee*.

La. Rev. Stat. § 23:302(2) (emphasis added). Moreover, an employer must employ twenty or more employees during the relevant time period. *Id*.

In this case, neither Offshore Service nor Family Medical was Plaintiff's employer because Plaintiff did not provide services to those entities nor did those entities provide compensation to Plaintiff. These facts are underscored by Plaintiff's Complaint, which repeatedly refers to Cajun Iron as Plaintiff's employer and is devoid of any allegation that Offshore Service or Family Medical employed Plaintiff or provided him compensation. *See* Rec. Doc. 1 (p. 1, ¶3 – "Cajun Iron Workers employed Sanders"; p. 3, ¶ 24 – "During his employment with Cajun Iron Workers"; p. 3, ¶ 25 – "While employed at Cajun Iron Workers"; p. 5, ¶36 – "Cajun Iron Workers terminated Sanders").

The case of *Dejoie v. Medley*, 41,333 (La. App. 2 Cir. 12/20/06); 945 So. 2d 968, is directly on point. In *Medley*, a former minute clerk in the office of Judge Lloyd J. Medley in Orleans Parish District Court sued numerous defendants, including Judge Medley and all of the judges of the Civil District Court for the Parish of Orleans, alleging gender and pregnancy discrimination under Louisiana's Employment Discrimination Statute. *Id*. at 970-71. Judge Medley filed for summary judgment asserting that he was not plaintiff's employer. The trial court granted Judge Medley's motion and plaintiff did not appeal the dismissal. *Id*. at 971. On appeal of other matters, the appellate court on its own motion, held that the plaintiff failed to assert a cause of action against any of the other individually named judges. *Id*. at 973. The court found that the seventeen individually named judges did not meet the statutory definition of employer under the statute. *Id*. at 974. Namely, plaintiff was not compensated by the judges. The appellate court recognized that while the judges may appoint personnel, the personnel were paid out of monies of the Judicial Expense Fund for the Civil District Court for the Parish of Orleans. *Id*. Therefore, plaintiff was unable to assert a discrimination claim under Louisiana law against any of the judges. Numerous cases are in accord.[2]

In addition, neither Offshore Service nor Family Medical employs more than twenty employees to be subject to jurisdiction under the LDDA and Plaintiff has not made any such allegation. Therefore, the state law discrimination claims against Offshore Service and Family Medical should be dismissed with prejudice under Rule 12(b)(6).

---

[2]   *See e.g., Pierce v. State*, 07-0230 (La. App. 1 Cir. 2/8/08); 984 So. 2d 61, 67-68 (finding Daniel Kyle, the Legislative Auditor, was not an employer under the LEDL of plaintiff, a former employee of the Office of the Legislative Auditor); *Langley v. Pinkerton's Inc.*, 220 F. Supp. 2d 575, 580 (M.D. La. 2002) (holding that defendant was not an employer under the LEDL because it did not provide compensation or benefits to plaintiff, nor did it withhold federal, state, unemployment, or social security taxes for her); *Onyeanusi v. The Times-Picayune Publ'g Corp.*, 485 So. 2d 622, 623 (La. App. 4 Cir. 1986) (affirming dismissal of Times-Picayune under the LEDL and finding no evidence that the Times-Picayune paid plaintiff's wages); *Trahan v. Rally's Hamburgers, Inc.*, 96-1837 (La. App. 1 Cir. 6/20/97); 696 So. 2d 637, 642 (holding that defendant was not plaintiff's employer within the meaning of the LEDL since another entity issued his paychecks).

### C. Plaintiff's ADA and State Law Claims Against Dr. Duet Must Be Dismissed Because He Is Not Plaintiff's Employer Nor Can He Be Held Liable As A Matter of Law

The Fifth Circuit has held that "[i]ndividuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Communications*, 339 F.3d 376, 381, n.1 (5th Cir. 2003). *See also Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 n. 8 (5th Cir. 2003) (holding "relief under Title VII is available only against an employer, not an individual supervisor or fellow employee"); *Hilliard v. Parish*, No. 13-171, 2014 WL 68727, at *5 (E.D. La. Jan. 8, 2014) (deciding a motion to dismiss and dismissing with prejudice Title VII claim against individual because "[t]the law is clear in the Fifth Circuit that there is no individual liability under Title VII"). "Because the ADA definition of 'employer' is identical to Title VII's," "district courts in this Circuit, as well as other circuit courts, have consistently concluded an employee or supervisor cannot be held individually liable under the ADA due to the ADA's similarities to Title VII." *Wellington v. Texas Guaranteed*, No. 13-077, 2014 WL 2114832, at *4 (W.D. Tex. May 20, 2014); *Franklin v. City of Slidell*, 936 F. Supp. 2d 691, 703 (E.D. La. 2013) (concluding that because the ADA's definition of employer "mirrors" the Title VII definition, individuals are not subject to liability under Title I of the ADA). *See also Mays v. Bd. of Commissioners Port of New Orleans*, 14-1014, 2015 WL 1245683, at *5 (E.D. La. Mar. 18, 2015) (Brown, J). (dismissing *inter alia*, ADA claims against an individual under the ADA).

In addition, Plaintiff failed to make any allegation that he provided services to Dr. Duet or that Dr. Duet provided him with compensation. Therefore, Dr. Duet cannot be deemed Plaintiff's "employer" for purposes of the LDDA. *See Medley,* 945 So. 2d 968, and related cases in footnote 2, *supra*. *See also Mays*, 2015 WL 1245683, at *6 (Brown, J) (dismissing Louisiana state law discrimination claim against individual defendant as the defendant did not meet the

definition of an "employer"). Accordingly, the ADA and state law claims against Dr. Duet should be dismissed by this Court with prejudice.

### D. Plaintiff Fails to State a Conspiracy Claim

Plaintiff alleges that "all defendants engaged in a conspiracy against Sanders to deprive him of his federally protected rights" under 42 U.S.C. §1985, specifically that all of the defendants worked in concert to prevent Sanders from returning to work even though he had been cleared by his own physician (Rec. Doc. 1, p. 8).[3] Plaintiff's allegations are wholly insufficient to survive a motion to dismiss.

As an initial matter, Plaintiff's vague allegations do not comply with the pleading requirements for a conspiracy claim. Courts have recognized that a "complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 (2d Cir. 1999). A Section 1985 claim was summarily dismissed for a plaintiff's failure to "allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement" to deprive the plaintiff of his rights. *Rouse v. Benson*, 193 F.3d 936, 943 (8th Cir. 1999). Likewise, a Rule 12(b)(6) motion should be granted where a section 1985 plaintiff "does not allege sufficient facts to demonstrate any violation of his [constitutional] rights." *Ford v. West*, 222 F.3d 767, 774 (10th Cir. 2000). In this case, Plaintiff's vague allegations regarding a conspiracy are insufficient to survive a motion to dismiss.

Moreover, Plaintiff's vague claims suffer additional fatal flaws. To state a cognizable claim under 42 U.S.C. §1985(3), a plaintiff must allege that: 1) a racial or class-based discriminatory animus lay behind the conspiracy; and 2) the conspiracy aimed to violate rights

---

[3] Plaintiff's vague Complaint fails to state which provision of 42 U.S.C. §1985 upon which he relies. This Motion assumes Plaintiff is proceeding under §1985(3), because §1985(1) claims may only be asserted against federal officers and §1985(2) claims may only be asserted in connection with witness or juror intimidation.

protected against private infringement. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993). It is well-established that civil rights violations under §1985(3) may not be invoked to redress violations of Title VII. *See Great Am. Fed. Savings & Loan Ass'n v. Novotny*, 442 U.S. 366 (1979); *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001); *Lakoski v. James*, 66 F.3d 751, 755 (5th Cir. 1995). As the Supreme Court held in *Novotny*: "[i]f a violation of Title VII could be asserted through §1985(3), a complainant could avoid most if not all of the detailed and specific provisions of the law." Because Plaintiff here asserted that Defendants conspired to deprive him of rights under the ADA (a statute that was based on and mirrors Title VII), Plaintiff's conspiracy claims must be dismissed.

Furthermore, any claim for conspiracy under 42 U.S.C. §1985(3) must be asserted on a class-wide basis. Notably, in *Newberry v. E. Texas State Univ.*, a terminated university professor alleged wrongful termination in violation of the ADA. The Fifth Circuit upheld the district court's dismissal of Plaintiff's conspiracy claim, holding that §1985(3) could not be applied in the absence of "some class-based animus." *See* 161 F.3d 276 (5th Cir. 1998); *Harris v. Travis*, 55 Fed. App'x. 716 (5th Cir. 2002) ("to prove a §1985 violation, [plaintiff] must show that [defendants] discriminated against blacks as a class, not simply against her because she is black"); *see also Burns-Toole v. Byrne*, 11 F.3d 1270 (5th Cir. 1994). In his Complaint, Plaintiff only asserted that Defendants allegedly discriminated against him; Plaintiff did not allege that Defendants discriminated against any other individuals with disabilities.

Finally, Defendants assert that Plaintiff's conspiracy claims, which are grounded in Plaintiff's alleged protected status as a "disabled" employee, are not cognizable under §1985(3) because only race-based claims may be asserted under §1985(3) within the Fifth Circuit. *See Horaist*, 255 F.3d at 271 (holding "[i]n this circuit, we require an allegation of a race-based conspiracy" to present a claim under § 1985(3)); *See also Johnson ex. rel. Wilson v. Dowd*, 305

9

Fed. App'x 221, 224 (5th Cir. 2008) (affirming Rule 12(b)(6) dismissal of section 1985 conspiracy claim, noting that section 1985(3) conspiracy requires a race-based conspiracy and "[t]he complaint is entirely devoid of any factual allegations that racial considerations motivated the defendants' conduct").

As such, Plaintiff's claims for conspiracy under 42 U.S.C. §1985(3) fail on all fronts and must be dismissed.

### E. Plaintiff Cannot Recover Punitive Damages under the Rehabilitation Act, the FMLA, or State Law

In his prayer for relief, Plaintiff requested an award of punitive damages. (Rec. Doc. 1, p. 5, ¶ 40). Punitive damages cannot be recovered in a private right of action under the Rehabilitation Act. *See Barnes v. Gorman*, 536 U.S. 181, 189-90 (2002). Likewise, the FMLA expressly sets forth the types of damages recoverable, creating liability only for actual monetary losses. *See* 29 U.S.C. §2617(a). As such, the FMLA does not provide for recovery of punitive damages. *Oby v. Baton Rouge Marriott*, 329 F. Supp. 2d 772, 788 (M.D. La. 2004). *See also Mays*, 2015 WL 1245683, at *11 (Brown, J).

Plaintiff's claim for punitive damages under state law should also be dismissed. As this Court has previously held in a case where punitive damages were sought under state law, "Louisiana has a general public policy against the award of punitive damages unless specifically provided for by statute. Louisiana statutes permit punitive damages only for child pornography, drunk driving and sexual abuse of a child. Plaintiff has not alleged that Defendants have committed any of these acts that would expose them to liability for punitive damages under Louisiana law." *Id*. at *11. In the same vein, Plaintiff's punitive damages claim for his state law cause of action is without legal support and should be dismissed.

## F.   Plaintiff's Remedies under the Rehabilitation Act are Subsumed by his Claims under the ADA and LDDA

The Rehabilitation Act of 1973 was a precursor statute to the Americans with Disabilities Act, as amended, in its current form. The Rehabilitation Act applies to federal agencies, federal contractors, and recipients of federal financial assistance[4] while the ADA applies to private employers with 15 or more employees and state and local governments. *Compare* 29 U.S.C. §701 *et. seq.* with 42 U.S.C. §12102 *et. seq.* The remedies under both statutes for violations of employment discrimination rules are virtually identical. *See id.* As such, the Rehabilitation Act serves as an "substitute" remedial scheme for employees who cannot otherwise assert ADA or Title VII claims. *See, e.g. Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6 (1st Cir. 2004). Therefore, any possible recovery afforded to Plaintiff under the Rehabilitation Act will be subsumed by Plaintiff's recovery under the ADA and/or the LDDA. This Court should therefore dismiss any and all of Plaintiff's claims for recovery under the Rehabilitation Act.

## IV.   CONCLUSION

For the reasons articulated herein, Defendants respectfully request that this Court dismiss with prejudice Plaintiff's federal and state law based claims for disability discrimination against Offshore Service, Family Medical and Dr. Duet, as well as Plaintiff's FMLA claims against Offshore Service and Family Medical. Defendants further request that Plaintiff's claims for conspiracy under 42 U.S.C. §1985 be dismissed with prejudice. Moreover, Plaintiff's claims for recovery of punitive damages for his Rehabilitation Act, FMLA, and state law claims should be dismissed, along with all of his claims for recovery under the Rehabilitation Act.

---

[4] Notably, Plaintiff alleges that Dr. Duet is an adult male citizen. (Rec. Doc. 1, ¶8, p. 2). Plaintiff makes no allegation that Dr. Duet is a federal agency, federal contractor, or recipient of federal funds. As such, Plaintiff's Rehabilitation claim against Dr. Duet should be dismissed as a matter of law on this additional ground.

       Respectfully submitted,

       **PHELPS DUNBAR LLP**

BY:   */s/ David M. Korn*
       DAVID M. KORN (Bar #21676)
       MARYJO L. ROBERTS (Bar #30692)
       Canal Place, 365 Canal Street, Suite 2000
       New Orleans, Louisiana 70130-6534
       Telephone: 504-566-1311
       Telecopier: 504-568-9130
       Email: kornd@phelps.com
              robertsm@phelps.com

**ATTORNEYS FOR DEFENDANTS, CAJUN IRON WORKERS, INC., OFFSHORE SERVICE VESSELS, LLC, FAMILY MEDICAL SERVICES, LLC, and DARREN DUET**

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of December, 2015, I electronically filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this proceeding.

                            */s/ David M. Korn*

PD.18509401.1