## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ROGER D. SANDERS**                                    **CIVIL ACTION**

**VERSUS**                                             **CASE NO. 15-5423**

**CAJUN IRON WORKERS, INC., et al.**                   **SECTION: "G" (1)**

## ORDER

In this litigation, Plaintiff Roger Sanders alleges that Defendants violated his rights under the Family Medical Leave Act ("FMLA"), Americans with Disability Act ("ADA"), the Rehabilitation Act, and the Louisiana Employment Discrimination Law when they prevented him from returning to work after taking FMLA leave and later terminated his employment.[1] Pending before the Court is Defendants Cajun Iron Workers, Inc. ("Cajun Iron Workers"), Offshore Service Vessels, Inc. ("Offshore Service"), Family Medical Services, LLC ("Family Medical") and Dr. Darren Duet's ("Dr. Duet") (collectively "Defendants") "Rule 12(b)(6) Partial Motion to Dismiss."[2] Having considered the motion, the memoranda in support, the memorandum in opposition, and the applicable law, the Court will grant the motion in part and deny the motion in part.

---

[1] Rec. Doc. 1 at 8.

[2] Rec. Doc. 12.

1

## I. Background

### *A.    Factual Background*

Plaintiff alleges that he was employed by Cajun Iron Workers as a lift operator from January 2014 until he was terminated in April 2015.[3]  He alleges that on December 20, 2014, he underwent bypass surgery.[4]  Plaintiff alleges that he requested leave under the Family and Medical Leave Act, which was granted, and Plaintiff took twelve weeks of leave beginning January 30, 2015 and scheduled to end April 10, 2015.[5]  According to Plaintiff, on March 13, 2015,[6] Human Resources Manager for Cajun Iron Workers, Brett Borne, refused to accept Plaintiff's return to work, despite the fact that he had been released to full duty without restriction by his medical provider.[7]  Plaintiff alleges that Brent Barns, the Human Resources Director for Cajun Iron Workers, failed to return Plaintiff to his job and along with Dr. Duet, the medical director at Family Medical, an entity Plaintiff alleges provided "company doctor services" to Cajun Iron Workers, insisted that Plaintiff take additional, unpaid and unprotected medical leave, demanded that Plaintiff provide all his medical records, and demanded that several other tests be performed.[8]  Plaintiff alleges that on April 8, 2015, his doctor faxed a release to work form to Dr. Duet, but that

---

[3]  Rec. Doc. 1 at 1.

[4]  *Id.* at 2.

[5]  *Id.* at 4.

[6]  Plaintiff's complaint alleges that this date was March 13, 2013. *Id.* Given that in the previous paragraph Plaintiff alleges that his FMLA leave was to end April 2015, the Court assumes that the March 13, 2013 is a typographical error.

[7]  *Id.*

[8]  *Id.* at 2, 4.

Cajun Iron Workers terminated Plaintiff on the grounds that he was "Not Physically Able to Work" on April 28, 2015.[9]

Plaintiff alleges that Dr. Duet, "acting on his own behalf and additionally or alternatively conspiring with and on behalf of [Family Medical], and/or Cajun Ironworkers and/or Chouest decided to terminate Sanders because he had taken FMLA leave and was likely to need and take more."[10] Plaintiff alleges that Cajun Iron Workers is a closely held company managed by Dino Chouest.[11] Plaintiff alleges that Defendants Cajun Iron Workers, Family Medical, and Offshore Service "all function as one single entity, and they are owned, managed and controlled by the same individuals."[12]

## B.   Procedural Background

Plaintiff filed a complaint against Defendants on October 23, 2015.[13] On December 28, 2015, Defendants filed the instant motion.[14] On January 19, 2016, Plaintiff filed an opposition.[15] With leave of Court, Defendants filed a reply on January 21, 2016.[16]

---

[9] *Id.* at 5.

[10] *Id.*

[11] *Id.* at 2.

[12] *Id.*

[13] Rec. Doc. 1.

[14] Rec. Doc. 12.

[15] Rec. Doc. 18.

[16] Rec. Doc. 22.

## II. Parties' Arguments

### A.    *Defendants' Arguments in Support of Dismissal*

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) Plaintiff's: (1) ADA, state law discrimination, and FMLA claims against Defendants Offshore Service and Family Medical; (2) ADA and state law discrimination claims against Dr. Duet; and (3) 42 U.S.C. § 1985, Rehabilitation Act, and punitive damages claims against all Defendants.[17]

First, Defendants contend that Plaintiff's claims against Offshore Service and Family Medical pursuant to the ADA and FMLA, as well as his claims for state law discrimination, should be dismissed because neither of those entities were Plaintiff's "employer" pursuant to the FMLA, ADA, or state discrimination law.[18] Defendants assert that the statutory definition of an employer pursuant to Title VII mirrors the definition of "employer" under the ADA.[19] Defendants contend that "employer" is defined as a "person engaged in an industry affecting commerce who has fifteen or more employees and any agent of any such person . . . ."[20] Defendants contend that if a defendant meets this definition, the court must next analyze whether an employment relationship exists between the plaintiff and the defendant, the controlling test for which is a "hybrid economic realities/common law control test."[21] According to Defendants, the most important component of this test is the defendant's right to control the employee's conduct.[22] Furthermore, Defendants

---

[17] Rec. Doc. 12 at 1.

[18] Rec. Doc. 12-1 at 3.

[19] *Id.* (citing *Franklin v. City of Slidell*, 936 F. Supp. 2d 691, 703 (E.D. La. 2013)).

[20] *Id.*

[21] *Id.*

[22] *Id.*

assert that courts look to whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment.[23] Defendants assert that Plaintiff has not made any allegation that either Offshore Service or Family Medical was his employer, and has consistently referred to Cajun Iron Workers as his employer.[24] Nor, Defendants contend, did Plaintiff assert that either entity has the right to control his activities, that either remits compensation on his behalf, or employs fifteen or more employees in order to be subject to liability under the ADA.[25] Therefore, Defendants argue that the ADA claims against both Offshore Service and Family Medical should be dismissed because neither entity was his employer.[26]

Defendants assert that under the FMLA, an "employer" is any person engaged in commerce in any industry or activity affecting commerce who employs fifty or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.[27] Furthermore, Defendants contend that the regulations make clear that only a single corporation should be deemed the "employer" for FMLA purposes and Plaintiff makes no allegation that either Offshore Service or Family Medical employs the requisite fifty or more employees in order to be subject to liability under the FMLA.[28] Therefore, Defendants assert that the FMLA claims against these entities should also be dismissed.

---

[23] *Id.* at 4 (citing *Muhammad v. Dallas Cty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007)).

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.* (citing 29 C.F.R. 825.104(a)).

[28] *Id.* at 5.

Defendants also move to dismiss the state law discrimination claims against Offshore Service and Family Medical pursuant to the Louisiana Disability Discrimination Act, Louisiana Revised Statute § 23:301 *et seq*.[29] Defendants assert that "employer" is an entity that receives services from an employee and gives compensation of any kind to an employee.[30] Furthermore, Defendants contend that an employer must employ twenty or more employees during the relevant time period.[31] Defendants argue that Plaintiff did not provide services to either of these entities, nor did these entities provide compensation to Plaintiff.[32] In support, Defendants cite a Louisiana Second Circuit Court of Appeal case, *Dejoie v. Medley*, in which a former minute clerk working in the Orleans Parish District Court sued all of the judges in the court for discrimination pursuant to Louisiana's Employment Discrimination Statute.[33] Defendants contend that on appeal, the Louisiana Second Circuit held that the plaintiff had failed to state a cause of action against any of the individually-named judges because the plaintiff was not compensated by them.[34] Furthermore, Defendants assert that Plaintiff has failed to allege that Offshore Service or Family Medical employ more than twenty employees and therefore, the state discrimination claims should be dismissed as well.[35]

Second, Defendants move to dismiss the ADA and state law claims against Dr. Duet as he

---

[29] *Id.*

[30] *Id.* (citing La. Rev. Stat. § 23:302(2)).

[31] *Id.*

[32] *Id.*

[33] *Id.* at 6 (citing 41,333 (La. App. 2 Cir. 12/20/96); 945 So. 2d 968.

[34] *Id.* (citing 945 So. 2d at 974).

[35] *Id.*

is not Plaintiff's employer and cannot be held liable as an individual.[36] Defendants assert that district courts in this circuit, as well as courts in other circuits, have consistently concluded that an employee or supervisor cannot be held individually liable under the ADA.[37] Furthermore, Defendants contend that Plaintiff has failed to make any allegation that he provided services to Dr. Duet or that Dr. Duet provided him with compensation, and therefore cannot be deemed Plaintiff's employer for purposes of Plaintiff's state law discrimination claim.[38]

Third, Defendants move to dismiss Plaintiff's claims against all Defendants under 42 U.S.C. § 1985, the Rehabilitation Act, and for punitive damages.[39] Defendants assert that the vague allegations that Defendants engaged in a conspiracy against Plaintiff in preventing him from returning to work do not comply with the pleading requirements for a conspiracy claim.[40] Furthermore, Defendants assert that in order to state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege that: "1) a racial or class-based discriminatory animus lay behind the conspiracy; and 2) the conspiracy aimed to violate rights protected against private infringement."[41] Defendants assert that it is well-established that civil rights violations under § 1985(3) may not be invoked to redress violations of Title VII.[42] Defendants contend that because, in this case, Plaintiff has asserted that Defendants conspired to deprive him of rights under the ADA, a statute that was

---

[36] *Id.* at 7.

[37] *Id.* (citing *Wellington v. Tex. Guaranteed*, No. 13-077, 2014 WL 2114832, at *4 (W.D. Tex. May 20, 2014)).

[38] *Id.*

[39] *Id.* at 8–11.

[40] *Id.* (citing *Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 (2d Cir. 1999)).

[41] *Id.* at 8–9 (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993)).

[42] *Id.* at 9 (citing *Great Am. Fed. Savings & Loan Ass'n v. Novotny*, 442 U.S. 366 (1979)).

based upon and mirrors Title VII, Plaintiff's conspiracy claims must be dismissed.[43]  In addition, Defendants argue that the conspiracy claim must be dismissed because such a claim cannot be asserted in the absence of "some class-based animus," and here, Plaintiff does not allege that Defendants discriminated against other individuals with disabilities, just Plaintiff.[44]  Finally, Defendants contend that the conspiracy claim must be dismissed because only race-based claims may be asserted pursuant to § 1985(3) in the Fifth Circuit.[45]

Defendants also move to dismiss Plaintiff's claim for punitive damages as, they assert, punitive damages are not recoverable in a private right of action under the Rehabilitation Act, the FMLA, or state discrimination law.[46]  Defendants contend that Louisiana has a general public policy against an award of punitive damages unless they were specifically provided for by statute and here, Plaintiff's punitive damages claim for his state law cause of action is without legal support.[47]

Defendants also move to dismiss Plaintiff's claims for recovery under the Rehabilitation Act on the grounds that the Rehabilitation Act applies to federal agencies, federal contractors, and recipients of federal financial assistance, while the ADA applies to private employers with fifteen or more employees and state and local governments.[48]  Defendants contend that the remedies under

---

[43] *Id.*

[44] *Id.* (citing *Newberry v. E. Tex. State Univ.*, 161 F.3d 276 (5th Cir. 1998)).

[45] *Id.* (citing *Horaist v. Doctor's Hospital of Opelousas*, 255 F.3d 261, 271 (5th Cir. 2001)).

[46] *Id.* at 10 (citing 29 U.S.C. § 2617(a); *Barnes v. Gorman*, 536 U.S. 181, 189–90 (2002); *Oby v. Baton Rouge Marriott*, 329 F. Supp. 2d 772, 788 (M.D. La. 2004)).

[47] *Id.*

[48] *Id.* at 11.

both statutes for violations of employment discrimination rules are virtually identical and therefore the Rehabilitation Act serves as a "substitute" remedial scheme for employees who cannot otherwise assert ADA or Title VII claims.[49] Defendants contend that any possible recovery Plaintiff would be afforded under the Rehabilitation Act will be subsumed by Plaintiff's recovery under the ADA and/or LDDA and therefore, the Court should dismiss any such claims.[50]

**B.**   *Plaintiff's Arguments in Opposition to Dismissal*

In opposition, Plaintiff contends that he is not pursuing ADA, Rehabilitation Act, or state law claims against any entities other than Cajun Iron Workers.[51]  However, Plaintiff asserts that he has stated valid FMLA and § 1985 claims against all Defendants.[52] Plaintiff contends that the FMLA has a broad definition of employer that covers all the identified Defendants as it includes "any person acting, directly or indirectly, in the interest of a covered employer to any of the employees of the employer."[53] Plaintiff contends that individuals such as corporate officers "acting in the interest of an employer" are individually liable for any violations of the requirements of the FMLA.[54] Plaintiff asserts that Defendants do not dispute that Cajun Iron Workers and Dr. Duet are properly named defendants as Cajun Iron Workers was Plaintiff's employer and Dr. Duet was Plaintiff's immediate supervisor acting in the interest of Cajun Iron Workers.[55]

---

[49] *Id.* (citing *Calero–Cerezo v. United States Dep't of Justice*, 355 F.3d 6 (1st Cir. 2004)).

[50] *Id.*

[51] Rec. Doc. 18 at 1.

[52] *Id.*

[53] *Id.* at 4 (citing 29 C.F.R. 825.104(a)).

[54] *Id.* (citing 29 C.F.R. 825.104(d)).

[55] *Id.*

Plaintiff asserts that he brings FMLA claims against Offshore Service and Family Medical under the theory that they acted directly or indirectly in the interest of an employer and under the theory that they operated as a single employer.[56] Plaintiff contends that such a determination is to be evaluated by the relationship viewed in its totality, including: (1) common management; (2) interrelation between operations; (3) centralized control of labor relations; and (4) degree of common ownership/financial control.[57] Plaintiff contends that Cajun Iron Workers, Offshore Service, and Family Medical Services all function as a single entity, owned, managed, and controlled by the same individuals.[58]

Plaintiff contends that although Defendants assert that punitive damages are not recoverable under the FMLA, pursuant to 29 U.S.C. § 2617, Plaintiff can recover liquidated damages.[59] As for Plaintiff's ADA claim, he asserts that Defendants do not dispute that Cajun Iron Workers is the proper entity to be sued under the ADA and he may recover punitive damages under the ADA pursuant to 42 U.S.C. § 1981.[60]

Turning to Plaintiff's Rehabilitation Act claim, Plaintiff contends that he does not dispute that he cannot recover punitive damages pursuant to this claim.[61] Plaintiff asserts that Defendants appear to argue not that he cannot assert claims under both the ADA and the Rehabilitation Act,

---

[56] *Id.* at 5.

[57] *Id.* (citing 29 C.F.R. 825.104(c)(2)).

[58] *Id.*

[59] *Id.* at 6.

[60] *Id.* at 7.

[61] *Id.*

but rather that he cannot recover under both.[62] Plaintiff contends that such an argument is inappropriate on a motion to dismiss.[63] Plaintiff contends that because Cajun Iron Workers received federal funds in the course of their business operations, Plaintiff can state a claim against it under the Rehabilitation Act.[64] As for Plaintiff's state law claim, Plaintiff asserts that he seeks all relief available under the statute which includes: "compensatory damages, back pay, benefits, reinstatement, or if appropriate, front pay, reasonable attorney fees, and court costs."[65]

Finally, Plaintiff asserts that pursuant to 42 U.S.C. § 1985(3), a plaintiff must prove: (1) a conspiracy of two or more persons; (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all; (4) and which results in injury to the plaintiff; as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.[66] Plaintiff contends that Dr. Duet and Barns conspired to deprive Plaintiff of his rights under the ADA.[67] In response to Defendants' argument that § 1985 claims are limited to race discrimination claims, Plaintiff asserts that the Supreme Court in *Bray v. Alexandria Women's Health Clinic* stated only that discrimination had to be class-based and here, the protected class of individuals is disabled persons.[68] Plaintiff contends that Dr. Duet, Family Medical, Offshore Service, and Cajun Iron Workers conspired to

---

[62] *Id.* at 7–8.

[63] *Id.* at 8.

[64] *Id.*

[65] *Id.* at 10 (citing La. Rev. Stat. § 23:303).

[66] *Id.* at 10–11 (citing *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995)).

[67] *Id.* at 11.

[68] *Id.* at 11–12 (citing 506 U.S. 263 (1993)).

deprive Plaintiff of his rights under the ADA and FMLA.[69]

### C.    *Defendants' Arguments in Further Support of Dismissal*

Defendants request that the Court dismiss Plaintiff's ADA, state law, and rehabilitation claims against Offshore Service, Family Medical, and Dr. Duet with prejudice as Plaintiff asserts that he is not pursing these claims against any entity other than Cajun Iron Workers.[70] Defendants also assert that Plaintiff does not dispute that punitive damages are not recoverable under the Rehabilitation Act, therefore, Plaintiff's claim for such damages should be dismissed with prejudice as well.[71] Defendants contend that Plaintiff's position on his punitive damages claims under the FMLA and state law are unclear; however, punitive damages are not recoverable under either statute.[72]

Turning to Plaintiff's conspiracy claim pursuant to § 1985, Defendants contend that the complaint includes only conclusory allegations regarding conspiracy and fails to allege with specificity how each defendant played a role in the conspiracy and therefore, the claim fails on its face.[73] Defendants assert that Title VII claims in and of themselves are not sufficient to state a claim under § 1985.[74] Furthermore, Defendants contend that although Plaintiff recognizes that "class-based" discriminatory animus is required pursuant to § 1985, Plaintiff does not recognize

---

[69] *Id.* at 12.

[70] Rec. Doc. 22 at 2.

[71] *Id.*

[72] *Id.* at 3 (citing *Mays v. Bd. of Comm'rs Port of New Orleans*, No. 14-1014, 2015 WL 1245683, at *11 (Mar. 18, 2015) (Brown, J.)).

[73] *Id.*

[74] *Id.* at 3–4 (citing *Harris v. Travis*, 55 F. App'x 716 (5th Cir. 2002)).

that the necessary motivation for a conspiracy claim under § 1985 is missing from Plaintiff's complaint.[75]  In addition, Defendants argue that Plaintiff has conceded that he is not pursuing ADA claims against anyone other than Cajun Offshore Workers, and Plaintiff offers no explanation for how another defendant could be liable for conspiring to interfere with disability rights when they cannot be liable for actually violating any disability rights.[76]  Defendants also argue that Plaintiff's individual claim of disability discrimination is not class-based, and therefore his allegations are insufficient to state a claim pursuant to § 1985.[77]  Finally, Defendants reiterate their assertion that within the Fifth Circuit, § 1985 claims must be based upon race.[78]

As for Plaintiff's FMLA claim, Defendants assert that Plaintiff makes no allegation that Offshore Service interfered in any way with his FMLA rights.[79]  As for the FMLA claim against Dr. Duet, Defendants contend that although Plaintiff asserts in his opposition memorandum that Dr. Duet was Plaintiff's immediate supervisor and acted in the interest of Cajun Iron Workers, such allegations are not contained in the complaint.[80]  Defendants argue that Plaintiff has not alleged that Dr. Duet, Family Medical, or Offshore Service had any input or control over the decision made by Cajun Iron Workers with respect to Plaintiff's leave and termination; therefore, only the FMLA claim against Cajun Iron Workers should remain.[81]

---

[75] *Id.* at 4.

[76] *Id.*

[77] *Id.*

[78] *Id.* at 5.

[79] *Id.* at 6.

[80] *Id.*

[81] *Id.* at 7.

### III. Law and Analysis

**A.    *Legal Standard on a Motion to Dismiss***

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[82]  A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[83]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[84]  "Factual allegations must be enough to raise a right to relief above the speculative level."[85]  A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[86]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[87]  However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[88]  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[89]  Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[82] Fed. R. Civ. P. 12(b)(6).

[83] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[84] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[85] *Twombly*, 550 U.S. at 556.

[86] *Id.* at 570.

[87] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[88] *Iqbal*, 556 U.S. at 677–78.

[89] *Id.* at 679.

14

statements" will not suffice.[90] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[91] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[92] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[93] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[94]

**B.**     *Analysis*

In Plaintiff's opposition to the motion to dismiss, Plaintiff asserts that he is not pursuing any claims pursuant to the ADA, Rehabilitation Act, or any state law claims against any entity other than Cajun Iron Workers.[95] Therefore, the Court grants Defendants' motion to dismiss the ADA, Rehabilitation Act, and state law claims against Defendants Offshore Service, Family Medical, and Duet as consented to. However, Defendants also move to dismiss: (1) Plaintiff's FMLA claims against Offshore Service and Family Medical; (2) Plaintiff's 42 U.S.C. § 1985 claim against all Defendants; (3) Plaintiff's claims for punitive damages under the Rehabilitation Act,

---

[90] *Id.* at 678.

[91] *Id.*

[92] *Id.*

[93] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[94] *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007).

[95] Rec. Doc. 18 at 1.

FMLA, and state law; and (4) Plaintiff's claim for recovery under the Rehabilitation Act.[96] The Court will address each of these claims in turn.

### 1.      FMLA Claims Against Offshore Service and Family Medical

Defendants move to dismiss the FMLA claims against Offshore Service and Family Medical on the grounds that neither entity was Plaintiff's "employer" pursuant to the FMLA.[97] Pursuant to the Code of Federal Regulations regarding the Family and Medical Leave Act, an employer is defined as follows:

> [A]ny person engaged in commerce or in any industry or activity affecting commerce, who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Employers covered by FMLA also include any person acting, directly or indirectly, in the interest of a covered employer to any of the employees of the employer, any successor in interest of a covered employer, and any public agency.[98]

In opposition, Plaintiff first asserts that both Offshore Service and Family Medical meet the definition of "employer" under the FMLA because they acted "directly or indirectly in the interest of an employer to any of the employer's employees."[99] Plaintiff's next sentence in his opposition is as follows: "Plaintiff alleged, ' [sic]."[100] No explanation is provided regarding how Plaintiff contends that he alleged that these entities were acting in the interest of Plaintiff's employer. However, in Plaintiff's complaint, Plaintiff alleges that Cajun Iron Workers employed Sanders and that Family Medical "provides company doctor services to [Cajun Iron Workers],

---

[96] Rec. Doc. 12-1

[97] *Id.* at 3.

[98] 29 C.F.R. § 825.104(a).

[99] Rec. Doc. 18 at 5.

[100] *Id.*

including but not limited to, evaluating employees who are on FMLA leave."[101] Plaintiff also alleges that Dr. Duet, Medical Director of Family Medical, along with Brett Barns, Human Resources Director for Cajun Iron Workers, insisted that Plaintiff take additional unpaid leave and provide Dr. Duet with additional medical records.[102] Therefore, Plaintiff has alleged that Family Medical acted in the interest of Cajun Iron Workers to Cajun Iron Workers' employee. There are no allegations in Plaintiff's complaint regarding any way in which Offshore Service acted in the interest of Cajun Iron Workers.

Plaintiff also asserts that Offshore Vessel and Family Medical are liable under the FMLA under the "single employer theory."[103] Pursuant to the Code of Federal Regulations regarding the FMLA, "[s]eparate entities will be deemed to be parts of a single employer for purposes of FMLA if they meet the integrated employer test. . . . A determination of whether or not separate entities are an integrated employer is not determined by the application of any single criterion, but rather the entire relationship is to be reviewed in its totality."[104] The regulation states that factors to be considered in conducting this analysis are: "(i) Common management; (ii) Interrelation between operations; (iii) Centralized control of labor relations; and (iv) Degree of common ownership/financial control."[105]

Plaintiff asserts that he has alleged that Cajun Iron Workers is managed by Dino Chouest, Offshore Service is managed by Dionne Chouest Austin and Dino Chouest, and Family Medical

---

[101] Rec. Doc. 1 at 1–2.

[102] *Id.* at 4–5.

[103] Rec. Doc. 18 at 5.

[104] 29 C.F.R. § 825.104(c)(2).

[105] *Id.*

is managed by Dino Chouest, Damon Chouest, and Dionne Chouest Austin.[106] However, beyond the broad conclusion that these entities were controlled by the same individuals, Plaintiff makes no other allegation regarding the degree of common ownership/financial control or the centralized control of labor relations. Plaintiff makes no allegation regarding any actions that Offshore Service specifically performed, let alone any allegations regarding the "interrelation between operations." Plaintiff alleges only that Family Medical provides "company doctor services" to Cajun Iron Workers, including evaluating employees who are on FMLA leave.[107] Without further information, the Court cannot determine whether Cajun Iron Workers, Offshore Service, and Family Medical constitute an integrated employer for FMLA purposes. Therefore, the Court concludes that Plaintiff has failed to allege sufficient facts to state a FMLA claim against Offshore Service.

In Defendants' reply, they argue that Plaintiff cannot state a viable claim under the FMLA against Dr. Duet.[108] However, Defendants did not move to dismiss the FMLA claim against Dr. Duet in their original motion and cannot not move to dismiss this claim through their reply.

### 2.      Conspiracy Claim Pursuant to 42 U.S.C. § 1985

Defendants also move to dismiss Plaintiff's conspiracy claim against all Defendants on the grounds that: "1) the claim lack[s] the particularity and specificity required of conspiracy claims; 2) Plaintiff failed to meet the *general* standard of alleging race or class-based discrimination; and

---

[106] Rec. Doc. 18 at 5 (citing Rec. Doc. 1 at 2).

[107] *Id.* at 2.

[108] Rec. Doc. 19-1 at 6.

3) Plaintiff failed to meet the *Fifth Circuit* standard requiring a race-based conspiracy."[109] In his complaint, Plaintiff alleges that "[a]ll defendants engaged in a conspiracy against Sanders to deprive him of his federally protected rights."[110]

> Pursuant to 42 U.S.C. § 1985:
>
> [i]f two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

In the Fifth Circuit, an allegation of a race-based conspiracy is required to state a claim under 42 U.S.C. § 1985.[111] Here, there are no allegations that racial considerations motivated Defendants' conduct. Accordingly, Plaintiff has failed to state a claim of conspiracy pursuant to 42 U.S.C. § 1985.

### 3.    Punitive Damages

Defendants also move to dismiss Plaintiff's claims for punitive damages under the Rehabilitation Act, FMLA, and state law on the grounds that these claims do not provide for punitive damages.[112] In opposition, Plaintiff asserts that he seeks "all appropriate relief identified in 29 U.S.C. § 2617, including liquidated damages" pursuant to his FMLA claim and "compensatory damages, back pay, benefits, reinstatement, or if appropriate, front pay, reasonable

---

[109] *Id.* at 3.

[110] Rec. Doc. 1 at 8.

[111] *Bryan v. City of Madison, Mississippi*, 213 F.3d 267, 276 (5th Cir. 2000).

[112] Rec. Doc. 12-1 at 10.

attorney fees, and court costs" pursuant to Louisiana Revised Statute 23:303.[113]  Plaintiff concedes that punitive damages are not recoverable under the Rehabilitation Act.[114]

Pursuant to 29 U.S.C. § 2617, an employer who violates the FMLA is liable to any eligible employee affected for damages including; (1) "any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation" or actual monetary losses; (2) interest on any such amount; and (3) liquidated damages equal to the sum of the compensation denied or lost or actual monetary losses.[115]  Pursuant to Louisiana Revised Statute § 23:303, "[a] plaintiff who has a cause of action against an employer, employment agency, or labor organization for a violation of this Chapter [Louisiana Revised Statute § 23:301 *et seq.*] may file a civil suit in a district court seeking compensatory damages, back pay, benefits, reinstatement, or if appropriate, front pay, reasonable attorney fees, and court costs."  Neither of these statutes provide for punitive damages; therefore, the Court grants Defendants' motion to dismiss the punitive damages claims pursuant to the Rehabilitation Act, FMLA, and Louisiana state law.

### 4.    Rehabilitation Act

Defendants move to dismiss Plaintiff's Rehabilitation Act claim, not on the grounds that Plaintiff has failed to state such a claim, but on the grounds that any remedies under the Rehabilitation Act "will be subsumed by Plaintiff's recovery under the ADA and/or the LDDA."[116] As the Court's analysis on this motion is focused upon whether Plaintiff's complaint states a claim

---

[113]  Rec. Doc. 18 at 6–7.

[114]  *Id.* at 7.

[115]  29 U.S.C. § 2617(a)(1)(A).

[116]  Rec. Doc. 12-1 at 11.

pursuant to the Rehabilitation Act, and because Defendants make no argument that it does not, the Court denies Defendants' motion to dismiss Plaintiff's Rehabilitation Act claim.

### 5.  Request for Leave to Amend

In the last sentence of his opposition, Plaintiff requests leave to amend his complaint rather than granting the motion to dismiss.[117]  Dismissal is a harsh remedy, and the Court is cognizant of the Fifth Circuit's instruction that a motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted."[118]  Short of granting a motion to dismiss, a court may grant a plaintiff leave to amend its complaint.[119]  "In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[120]

Here, although Plaintiff specifically requested leave to amend his complaint, he failed to explain how amendment could cure the deficiencies raised by Defendants. Nevertheless, the Court, in its discretion, will grant Plaintiff leave to amend his claim against Offshore Service pursuant to the FMLA, as well as Plaintiff's 42 U.S.C. § 1985 claim by August 18, 2016, if Plaintiff can show that amendment will address the issues identified by the Court. If Plaintiff is unable to do so by the Court's deadline, the Court will dismiss these claims. However, the Court will not allow

---

[117] Rec. Doc. 18 at 12.

[118] *Beanal v. Freeport-McMoran, Inc,* 197 F.3d 161, 164 (5th Cir. 1999).

[119] See *Carroll v. Fort James Corp*., 470 F.3d 1171, 1175 (5th Cir. 2006) ("This standard 'evinces a bias in favor of granting leave to amend. The policy of the Federal Rules is to permit liberal amendment.'") (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)).

[120] *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Plaintiff to amend his complaint regarding any claims against Defendants Offshore Service, Family Medical, and Dr. Duet pursuant to the ADA, Rehabilitation Act, or Louisiana state law as Plaintiff has already stated that he is not bringing any such claims. Furthermore, the Court will not allow any amendment regarding a claim for punitive damages pursuant to the FMLA, Rehabilitation Act, or Louisiana state law as amendment would be futile.

## IV. Conclusion

For the foregoing reasons, the Court grants the motion to dismiss with regards to Plaintiff's ADA, Rehabilitation Act, and state law claims against Defendants Offshore Service, Family Medical, and Dr. Duet as consented to. The Court concludes that Plaintiff has failed to state a claim pursuant to 42 U.S.C. § 1985 against all Defendants and has failed to state a claim pursuant to the FMLA against Offshore Service. Therefore, the Court is inclined to grant the motion to dismiss as to these claims. However, the Court will allow Plaintiff until August 18, 2016 to amend his complaint to cure the deficiencies noted, if possible. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' "Rule 12(b)(6) Partial Motion to Dismiss"[121] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the motion is granted as to Plaintiff's claims against Defendants Offshore Service, Family Medical, and Dr. Duet pursuant to the ADA, Rehabilitation Act, and state law.

**IT IS FURTHER ORDERED** that the motion is granted as to Plaintiff's claims for punitive damages pursuant to the Rehabilitation Act, the FMLA, and Louisiana state law.

**IT IS FURTHER ORDERED** that the motion is denied as to Plaintiff's claims under the

---

[121] Rec. Doc. 12.

Rehabilitation Act and Plaintiff's claim against Family Medical pursuant to the FMLA.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend his complaint by August 18, 2016. If Plaintiff is unable to cure the deficiencies in the complaint by that time, the Court will dismiss the following claims: (1) Plaintiff's claim pursuant to 42 U.S.C. § 1985; and (2) Plaintiff's claims pursuant to the FMLA against Offshore Service.

**NEW ORLEANS, LOUISIANA,** this __29th__ day of July, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

23