**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ROGER D. SANDERS**                                            **CIVIL ACTION**

**VERSUS**                                                      **CASE NO. 15-5423**

**CAJUN IRON WORKERS, INC., et al.**                            **SECTION: "G" (1)**

## ORDER

In this litigation, Plaintiff Roger Sanders ("Sanders") alleges that Defendants violated his rights under the Family Medical Leave Act ("FMLA"), Americans with Disability Act ("ADA"), the Rehabilitation Act, and the Louisiana Employment Discrimination Law when they prevented him from returning to work and later terminated his employment after taking FMLA leave.[1] Pending before the Court is Defendants Cajun Iron Workers, Inc. ("Cajun Iron Workers"), Offshore Service Vessels, Inc. ("Offshore Service"), Family Medical Services, LLC ("Family Medical"), and Dr. Darren Duet's ("Dr. Duet") (collectively "Defendants") "Second Motion to Dismiss."[2] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant in part and deny in part the instant motion.[3]

---

[1] Rec. Doc. 52 at 8.

[2] Rec. Doc. 55.

[3] Rec. Doc. 55.

# I. Background

## A. *Factual Background*

  Sanders alleges that he was employed by Cajun Iron Workers as a lift operator from January 2014 until he was allegedly illegally terminated in April 2015.[4] According to Sanders, in December of 2014, he learned that he had a "circulatory blockage" and had to undergo bypass surgery.[5] Sanders states that he requested leave under the FMLA, which was granted, and Plaintiff took twelve weeks of leave beginning January 30, 2015, and scheduled to end April 10, 2015.[6] However, Sanders alleges that Brett Borne, the Human Resources Manager for Cajun Iron Workers, refused to accept Sanders' return to work, despite the fact that Sanders had been released to full duty without restriction by his medical provider on April 2, 2015.[7] Rather, Sanders contends that Borne and Dr. Duet, the medical director at Family Medical, insisted that Sanders: (1) take additional, unpaid and unprotected medical leave; (2) provide them with all his medical records; and (3) undergo several other tests.[8] Sanders alleges that on April 8, 2015, his doctor faxed a release to work form to Dr. Duet, but that Cajun Iron Workers terminated Sanders on the grounds that he was "Not Physically Able to Work" on April 28, 2015.[9]

---

[4] Rec. Doc. 52 at 1, 3.

[5] *Id.* at 4.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* at 5.

### B. *Procedural Background*

Sanders filed a complaint against Defendants in this matter on October 23, 2015.[10] On December 28, 2015, Defendants filed their first motion to dismiss for failure to state a claim under Rule 12(b)(6).[11] On April 1, 2016, Sanders filed a motion for leave to file a "First Supplemental and Amending Complaint,"[12] which was referred to the Magistrate Judge and denied on April 27, 2016.[13] On May 24, 2016, Sanders filed a motion to set aside the Magistrate Judge's Order denying Sanders leave to file an amended complaint.[14]

On July 29, 2016, this Court granted in part and denied in part Defendants' first motion to dismiss.[15] In particular, the Court denied the motion to dismiss with regard to: (1) Sanders' claims under the Rehabilitation Act; and (2) Sanders' FMLA claim against Family Medical.[16] The Court granted the motion to dismiss with regard to: (1) Sanders' ADA, Rehabilitation Act, and state law claims against Defendants Offshore Service, Family Medical, and Dr. Duet as consented to by Sanders; (2) Sanders' FMLA claim against Offshore Service; and (3) Sanders' claim pursuant to 42 U.S.C. § 1985 against all Defendants.[17] However, the Court also granted Sanders leave to

---

[10] Rec. Doc. 1.

[11] Rec. Doc. 12.

[12] Rec. Doc. 29.

[13] Rec. Doc. 33.

[14] Rec. Doc. 35.

[15] Rec. Doc. 37.

[16] *Id.* at 22–23.

[17] *Id.* at 22.

amend his complaint by August 18, 2016, to cure the deficiencies noted by the Court in Sanders'

Section 1985 claim against all Defendants and Sanders' FMLA claim against Offshore Service.[18]

In a December 1, 2016 Order, the Court noted that no amendments to Sanders' complaint

had been filed.[19] Nonetheless, because Sanders' motion appealing the Magistrate Judge's separate

Order denying Sanders leave to amend his complaint was still pending at the time the Court granted

Sanders leave to file an amended complaint to address the deficiencies raised in Defendants' first

motion to dismiss, the Court denied as moot Sanders' appeal of the Magistrate Judge's Order and

granted Sanders additional time to amend his complaint.[20] Sanders filed an amended complaint on

December 11, 2016, which included a claim under 42 U.S.C. § 1985.[21]

Defendants filed a second motion to dismiss for failure to state a claim on December 20,

2016.[22] After Sanders received an extension of time to respond to Defendants' second motion to

dismiss,[23] Sanders filed an opposition on January 24, 2017.[24] With leave of Court, Defendants

filed a reply on February 1, 2017.[25]

---

[18] *Id.* at 21–23.

[19] Rec. Doc. 50.

[20] *Id.*

[21] Rec. Doc. 52.

[22] Rec. Doc. 55.

[23] Rec. Doc. 65.

[24] Rec. Doc. 67.

[25] Rec. Doc. 73.

## II. Parties' Arguments

### A.    *Defendants' Arguments in Support of the Motion*

In their second motion to dismiss, Defendants argue that Sanders' claim under 42 U.S.C. § 1985 in his amended complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).[26] Defendants assert that Sanders has simply re-pled his Section 1985 claim in his amended complaint "in the exact same fashion" as he had in his first complaint.[27] Defendants further point out that Sanders failed to add any additional factual allegations regarding race-based discrimination or "alter[] the language of his Section 1985 claim whatsoever."[28] Therefore, Defendants contend that Sanders failed to cure the deficiencies in his Section 1985 claim as previously noted by this Court, and thus it should be dismissed with prejudice.[29] Defendants also request that the Court award Defendants attorneys' fees and costs for the expense of having to file a second motion to dismiss.[30]

### B.    *Sanders' Arguments in Opposition to the Motion*

In his opposition, Sanders states that he only "opposes Defendants' Second Motion to Dismiss to the extent it seeks attorney's fees and costs associated with its filing."[31] Sanders represents that the Section 1985 claim was "accidentally included" in his amended complaint.[32]

---

[26] Rec. Doc. 55-1 at 1.

[27] *Id.* at 2 (emphasis omitted0.

[28] *Id.*

[29] *Id.* at 7–8.

[30] *Id.*

[31] Rec. Doc. 67 at 1.

[32] *Id.*

Sanders avers that, in light of this Court's determination that Section 1985 claims are restricted to race-based conspiracies in the Fifth Circuit, he "no longer pursues a Section 1985 claim against Defendants."[33] However, Sanders opposes Defendants' request for attorneys' fees and costs.[34] Sanders argues that Defendants filed this motion without contacting Sanders first to discuss this issue, and that Defendants "intentionally noticed the submission date such that [Sanders'] counsel would have to respond over the end of the year holidays."[35] Sanders asserts that once he had a chance to review the issues raised in Defendants' second motion to dismiss and Defendants' motion for summary judgment, he advised Defendants that he was willing to enter into stipulations "that would resolve most of the issues."[36] In sum, Sanders "respectfully stipulates that he is not pursuing any claims under 42 U.S.C. § 1985 in this action and requests the Court otherwise deny Defendants' Second Motion to Dismiss."[37]

## C. *Defendants' Arguments in Further Support of the Motion*

In their reply memorandum, Defendants assert that Sanders' argument that Defendants should have discussed this issue with Sanders prior to filing their second motion to dismiss is "an unfair characterization" and not required by either the Federal Rules of Civil Procedure or this Court's Local Rules.[38] Defendants point out that the parties engaged in repeated discussions regarding potential stipulations with regard to Defendants' motion to dismiss and motion for

---

[33] *Id.*

[34] *Id.* at 2.

[35] *Id.*

[36] *Id.*

[37] *Id.*

[38] Rec. Doc. 73 at 1–2.

6

summary judgment, but to no avail.[39] Defendants conclude that it appears that both parties "are in agreement as to the dismissal of [Sanders'] Section 1985 claim," but Defendants clarify that their motion seeks dismissal of this claim *with prejudice*, which Sanders did not directly address in his response memorandum.[40]

### III. Law and Analysis

**A.** **Legal Standard for Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[41] To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[42] A claim "has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[43] A complaint need not contain "detailed factual allegations," but rather "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"[44] In resolving a motion to dismiss, this Court "draw[s] all reasonable inferences in the Plaintiff[s'] favor."[45] Motions to dismiss under

---

[39] *Id.* at 2–3.

[40] *Id.*

[41] Fed. R. Civ. P. 12(b)(6).

[42]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[43]*Id.* (citing *Twombly*, 550 U.S. at 556).

[44] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citations omitted).

[45]*Id*.

Rule 12(b)(6) are "viewed with disfavor and [are] . . . rarely granted."[46]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[47] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[48] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[49] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[50] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[51] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[52] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[53] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[54]

---

[46]*Id.*

[47] *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[48] *Iqbal*, 556 U.S. at 677–78.

[49] *Id.* at 679.

[50] *Id.* at 678.

[51] *Id.*

[52] *Id.*

[53] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[54] *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

*B.*      *Analysis*

As stated *supra*, in the Court's Order granting in part and denying in part Defendants' first motion to dismiss, the Court found that Sanders had failed to state a cognizable claim under 42 U.S.C. § 1985 in light of existing Fifth Circuit case law requiring an allegation of a race-based conspiracy to bring a Section 1985 claim.[55] However, the Court granted Sanders leave to amend his complaint to cure the deficiencies noted by the Court, if possible.[56] The Court concluded that if Sanders was unable to do so by the Court's deadline, the Court would dismiss Sanders' Section 1985 claim.[57]

On December 11, 2016, Sanders filed an amended complaint with a claim under 42 U.S.C. § 1985 against all Defendants that is virtually identical to the deficient Section 1985 claim included in his original complaint.[58] The only difference between the two Section 1985 claims appears to be that Sanders dropped an allegation in the original complaint's Section 1985 claim that Defendant OSV is controlled by the same individuals that allegedly control Cajun Iron Workers and Family Medical.[59] In his opposition memorandum, Sanders concedes that he "accidentally included" the claim under 42 U.S.C. § 1985 in his amended complaint and stipulated that that he is not pursuing any claims under 42 U.S.C. § 1985 against Defendants.[60] In their reply

---

[55] Rec. Doc. 37 at 19.

[56] *Id.* at 21.

[57] *Id.*

[58] *See* Rec. Doc. 1 at 8; Rec. Doc. 52 at 8.

[59] *Compare* Rec. Doc. 1 at 8 ("Cajun Iron Workers, OSV and FMS are all controlled by the same individuals . . . .") *with* Rec. Doc. 52 at 8 ("Cajun Iron Workers and FMS are all controlled by the same individuals . . . .").

[60] Rec. Doc. 67 at 1–2.

memorandum, Defendants note that although both parties "are in agreement as to the dismissal of [Sanders'] Section 1985 claim," their motion seeks dismissal of this claim *with prejudice*, which Sanders did not directly address in his response memorandum. [61] As the Fifth Circuit has determined, dismissing a claim with prejudice pursuant to Rule 12(b)(6) is proper when the litigant "has been afforded adequate opportunity to develop his case to the point where any merit it contains would have become apparent." [62] Here, the Court afforded Sanders an adequate opportunity to allege a race-based conspiracy to support his Section 1985 claim when the Court granted Sanders leave to amend, and Sanders failed to do so.[63] Accordingly, because Sanders failed to cure the deficiencies noted by the Court in his Section 1985 claim after receiving leave to amend, and because Sanders does not appear to oppose dismissal of his Section 1985 claim with prejudice or offer arguments as to why Defendants' request for dismissal with prejudice should be denied,[64] the Court finds that dismissal with prejudice of Sanders' claims under 42 U.S.C. § 1985 is proper. Therefore, the Court hereby dismisses with prejudice Sanders' claims under 42 U.S.C. § 1985 against all Defendants.

---

[61] Rec. Doc. 73 at 2–3.

[62] *Goodley v. Reno*, 81 F.3d 157 (5th Cir. 1996); *see also Aaes v. 4G Companies*, 558 F. App'x 423, 426 (5th Cir. 2014) (per curiam) (concluding that dismissal with prejudice of a complaint is proper when the plaintiffs had already been granted leave to amend their complaint and the plaintiffs delayed for a year before filing a second amended complaint).

[63] Rec. Doc. 52.

[64] *See id.* at 1 (Sanders stating that he only opposes Defendants' Second Motion to Dismiss "to the extent it seeks attorney's fees and costs associated with its filing" and that he "does not intend to pursue a claim under 42 U.S.C. § 1985," but not addressing Defendants' request for a dismissal with prejudice).

In the last sentence of Defendants' second motion to dismiss, Defendants also request attorneys' fees and costs for "the expense of having to move to dismiss this claim a second time."[65] However, Defendants have offered no argument or authority, in either their initial motion or their reply to Sanders' opposition to awarding attorneys' fees, as to why awarding attorneys' fees and costs may be proper.

To the extent that Defendants request an award of attorneys' fees and costs as a sanction for Sanders' inclusion of a Section 1985 claim in his amended complaint, the Court notes that Rule 11 of the Federal Rules of Civil Procedure would apply. Pursuant to Rule 11, a motion for sanctions must "*be made separately* from other motions or requests and *shall describe the specific conduct* that allegedly violates Rule 11(b)."[66] The motion must also be served in accordance with Rule 5, and "it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service."[67] Here, Defendants have not shown that they have satisfied either of Rule 11's notice requirements or pointed to any authority that would otherwise justify awarding attorneys' fees in this instance. In fact, Sanders argues that this motion could have been avoided if Defendants had contacted Sanders to discuss the issue prior to filing the motion, *i.e.* if Defendants had satisfied the notice requirements of Rule 11.[68] Therefore, the Court hereby denies Defendants' request for attorneys' fees and costs. Accordingly,

---

[65] Rec. Doc. 55-1 at 8.

[66] Fed. R. Civ. Proc. 11(c)(2).

[67] *Id.*

[68] Rec. Doc. 67 at 2.

**IT IS HEREBY ORDERED** that Defendants' "Second Motion to Dismiss" [69] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the motion is granted to the extent that Sanders' claims against Defendants pursuant to 42 U.S.C. § 1985 are dismissed with prejudice.

**IT IS FURTHER ORDERED** that the motion is denied to the extent that Defendants request attorneys' fees and costs.

.      **NEW ORLEANS, LOUISIANA,** this __12th__ day of May, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[69] Rec. Doc. 55.